IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIE BENNETT,**

                **Plaintiff,**

    v.                              CASE NO. 06-3276-SAC

**DUSTIN ADAMS, et al.,**

                **Defendants.**

### O R D E R

This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Montgomery County Jail in Independence, Kansas. Plaintiff alleges his confinement on criminal charges of burglary, misdemeanor theft, and misdemeanor criminal damage to property is unlawful because there is no factual evidence to support a criminal prosecution. Plaintiff asks the federal court to dismiss these criminal charges.

Section 1983 is not a substitute for a habeas action. When a prisoner seeks to challenge the length or fact of his confinement, relief must be pursued through a writ of habeas corpus, Preiser v. Rodriquez, 411 U.S. 475 (1973), after first exhausting available state court remedies, Rose v. Lundy, 455 U.S. 509 (1982). Because plaintiff is confined on pending criminal charges rather than pursuant to a state court judgment, the court liberally construes plaintiff's pro se pleading as a habeas petition seeking relief under 28 U.S.C. § 2241. See Jacobs v. McCaughtry, 251 F.3d 596, 597-98 (7th Cir. 2001)(explaining that a state court defendant held pursuant to a state court judgment should file a habeas petition

under § 2254, but that a state court defendant attacking his pretrial detention should bring a habeas petition under § 2241). The court grants plaintiff leave to proceed in forma pauperis in this habeas action.

Having reviewed plaintiff's allegations, the court finds this action is subject to being dismissed without prejudice.

A state prisoner's habeas petition should be dismissed if the petitioner, as in this case, has not yet exhausted available state court remedies as to his federal claims. *See* Coleman v. Thompson, 501 U.S. 722, 731 (1991). *See also* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-91 (1973)(exhaustion requirement applies to § 2241 habeas petitions brought by pretrial detainees).

Additionally, pretrial habeas corpus relief is generally not available to prevent a prosecution in state court. The Supreme Court instructs that federal courts are to avoid interference with pending state criminal prosecution, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." Younger v. Harris, 401 U.S. 37, 45 (1971). Intervention in a pending state criminal prosecution is inappropriate when state proceedings offer an adequate forum for plaintiff's federal claims and important state interests are implicated. Id. at 43. Three narrow exceptions to the Younger abstention doctrine are recognized for "bad faith or harassment," prosecution under a statute that is "flagrantly and patently" unconstitutional, or other "extraordinary circumstances" that involve irreparable injury. Id. at 50, 53 (quotation marks omitted). None of these exceptions are evident on the face of plaintiff's pleading. Accordingly, the court finds the federal

court's intervention in plaintiff's state criminal proceeding appears neither warranted nor appropriate under the circumstances.

For these reasons, the court directs plaintiff to show cause why this action should not be dismissed without prejudice. The failure to file a timely response may result in this matter being dismissed without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that the complaint is liberally construed by the court as a habeas petition filed under 28 U.S.C. § 2241.

IT IS FURTHER ORDERED that plaintiff is granted leave to proceed in forma pauperis in this habeas action.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to show cause why the petition should not be dismissed without prejudice for the reasons stated by the court.

**IT IS SO ORDERED.**

DATED: This 11th day of October 2006 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3